Prepared by State Reporter from Appeal Papers

bridge is necessary for the public safety within the meaning of section 91 of the Railroad Law.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

In the Matter of CYRUS DUREY, Respondent.
THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

*Practice — depositions — sufficiency of petition.*

*Matter of Durey,* 223 App. Div. 70, affirmed.

(Argued May 28, 1928; decided June 12, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 17, 1928, which affirmed an order of Special Term directing the taking of a deposition to perpetuate testimony.

The following question was certified: " Is the respondent's petition sufficient to sustain an order permitting him to take the testimony by deposition of Truman J. Whitman under article 31. of the Civil Practice Act? "

*Albert Ottinger, Attorney-General (C. S. Ferris* of counsel), for appellant.

*Alfred D. Dennison* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

In the Matter of MARY H. TOMPKINS et al., Appellants, against HENRY BRUCKNER, as President of the Borough of The Bronx, New York City, Respondent.

*New York city — streets — mandamus to compel removal of incumbrances from lands appropriated for public streets denied — relief under sections 432–436 of charter.*

*Matter of Tompkins* v. *Bruckner,* 223 App. Div. 831, affirmed.

(Argued May 29, 1928; decided June 12, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

April 20, 1928, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the defendant to remove from within the lines of certain street areas in the borough of The Bronx, any and all tents, bungalows and other structures used for private purposes, obstructing, incumbering and encroaching on public street areas so that said public streets, avenues and highways shall be free from such obstructions and open to the petitioners and to the public for public uses, access and travel. The Appellate Division reversed on the ground that petitioners might obtain relief through sections 432 to 436 of the charter of the city of New York.

*Howard C. Kelly* for appellants.

*George P. Nicholson, Corporation Counsel (Joel J. Squier* and *William E. R. Faber* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Transfer Tax upon the Estate of MARTHA M. WYSONG, Deceased.

MARSHALL R. KERNOCHAN, as Executor, Appellant; STATE TAX COMMISSION, Respondent.

*Tax — transfer tax — assessment of remainder of trust estate at full value.*

*Matter of Wysong*, 223 App. Div. 407, affirmed.

(Argued May 29, 1928; decided June 12, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 27, 1928, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the remainder of a trust estate created by the will of Martha M. Wysong, deceased, at its full value pursuant to section 230 of the Tax Law, as amended by chapter 144 of the Laws of 1925. Appellant contended that the